REQUESTED BY: Senator Howard Lamb Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Lamb:
We are responding to your letter in which you request our opinion regarding the constitutionality of LB 401. Specifically you inquire whether a provision excluding incorporated cities and villages from a ground water control area is constitutional, and further, whether it is constitutional to exclude persons who reside in incorporated cities or villages from voting on the establishment of a control area. With regard to these questions you draw our attention toBall v. James, ___ U.S. ___, 68 L.Ed.2d 150, 101 S.Ct. (April 29, 1981).
In Ball v. James, supra, the United States Supreme Court held that the voting scheme limiting election of water reclamation district directors to landowners, and apportioning voting power by the amount of land owned by each voter, did not violate the Fourteenth Amendment Equal Protection Clause of the United States Constitution. The court stated the question to be: `whether the purpose of the District is sufficiently specialized and narrow and whether its activities bear on landowners so disproportionately as to distinguish the District from those public entities whose more general governmental functions demand application of the Reynolds principle one man one vote.' Ball v. James,supra, 68 L.Ed.2d at 158. In that case non-landowning registered voters living within the geographic boundaries of the district brought suit alleging violation of the Equal Protection Clause of the Fourteenth Amendment by depravation of their right to vote. The court concluded that the functions of the district were so specialized that it did not exercise general governmental powers or perform such important governmental functions that all the citizens residing in the district were affected.
The question with regard to LB 401 appears to be whether land within incorporated cities and villages and the residents residing in those cities and villages may be excluded from a ground water control area.
The purpose of a ground water control area is stated in Neb.Rev.Stat. § 46-656 (Supp. 1981): `To provide for an orderly management system, particularly in areas where available data, evidence, or other information indicates that present or potential ground water conditions require the designation of control areas with special regulation of future development and use, . . .'
A ground water control area may be designated by the Director of the Department of Water Resources pursuant to Neb.Rev.Stat. § 46-658 (Supp. 1981) if he finds that the development and utilization of the ground water supply is caused or is likely to cause within the reasonably foreseeable future, the existence of an inadequate ground water supply to meet present or reasonably foreseeable needs for beneficial use of such water supply, or the dewatering of an aquifer resulting in the deterioration of the quality of such ground water; or if he finds that pollution of ground water has occurred or is likely to occur in the reasonably foreseeable future. The director is required to consider whether conflicts between ground water users are occurring or may reasonably be anticipated to occur in the future.
The controls which may be adopted by a Natural Resources District in which a control area has been designated include restrictive well spacing requirements, requirement of rotation for use of ground water, allocation of withdrawal of ground water, installation of flow measuring devices upon ground water wells, irrigation scheduling, and a moratorium of one year upon the drilling of new wells. (Neb.Rev.Stat. § 46-666 (Supp. 1981)). A district in which a control area is designated, is permitted to levy a tax upon the taxable property within the portion of the district encompassed by such control area pursuant to Neb.Rev.Stat. 46-673
(Supp. 1981).
It is evident from the purpose, necessary prerequisites for creation, and powers of an NRD relating to a control area that the creation of such a control area has a disproportionately greater effect upon agrarian landowners using water for their agricultural business than upon the urban dwellers. In HoltCivic Club v. City of Tuscaloosa, 439 U.S. 60 (1978), the Supreme Court held that a governmental unit restricting the right to participate in its political processes to those who reside within its borders may legitimately enact regulations which affect persons and property outside of its geographical boundaries. In that case the City of Tuscaloosa, Alabama had enacted ordinances applying to persons and property residing within up to three miles of the city's corporate limits without giving the persons residing in that territory the right to vote in its municipal elections. Upon challenge by persons residing within the three mile police protection of the city's limits, the Supreme Court held that these persons were not being denied the right to due process of law.
It is our conclusion that the exclusion of cities and villages from the boundaries of a ground water control area and thereby excluding the residents of those cities and villages from participating in the decision to create such ground water control areas does not violate either the equal protection or due process clauses of the United States Constitution. We believe that such a provision could sustain a constitutional challenge.
Very truly yours, PAUL L. DOUGLAS Attorney General G. Roderic Anderson Assistant Attorney General